## DUCETT *versus* CUNNINGHAM.

Where property is sold upon mesne process under § 52, c. 114, R. S., the payment of the proceeds, by the officer, to the attaching creditor's attorney before judgment is rendered, will protect him against any suit by the creditor for a failure to apply the same to the execution issued on such judgment. The payment to the attorney is payment to his principal.

Ducett *v.* Cunningham.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

CASE against defendant, as sheriff, for the default of his deputy.

It appeared that Merrill & Sewall, attorneys at law, commenced several suits against one John McGee, and among them one in favor of the plaintiff, and caused his goods to be attached, which were sold on the writs in pursuance of § 52, c. 114, R. S.

The officer, before the entry of the actions, paid over the proceeds of the sale to Sewall, one of the attorneys.

Within thirty days after judgment was obtained in plaintiff's suit, Merrill delivered the execution to the officer, who made the attachment, being directed by plaintiff to get execution as soon as he could.

After the evidence was submitted, a default was entered, which was agreed to be taken off and the action to stand for trial, if upon the evidence the action cannot be maintained.

*Ingalls*, for defendant, cited *Jenney* v. *Delesdernier*, 20 Maine, 183; *Rice* v. *Wilkins*, 21 Maine, 558; *Farnham* v. *Gilman*, 24 Maine, 250.

*Gilbert*, for plaintiff.

APPLETON, J. — The plaintiff and other creditors of one McGee having commenced various suits against him, on which attachments were made, entered into an agreement with him for the sale on mesne process, in pursuance of which and in accordance with R. S., c. 114, § 52, the goods so attached were sold. Before the actions were entered and judgments obtained in those suits, the proceeds are alleged to have been paid to the attorney of the plaintiff.

The plaintiff having obtained judgment, placed the execution in the hands of the officer by whom the attachment was made, and failing to receive upon demand the amount due, has commenced this action against the sheriff for the neglect of his deputy.

The question presented for consideration, is whether the

sheriff is exonerated from liability by payment of the proceeds of sale, before judgment is obtained, to the attorney of the plaintiff.

The general authority of an attorney in the management of a claim entrusted to his charge for collection, was very fully considered in the able and elaborate opinion of Mr. Justice SHEPLEY, in *Jenney* v. *Delesdernier*, 20 Maine, 183.

The common law confers liberal powers upon the attorney in the transaction of the business of his client, which is entrusted to his care and management. He may elect the remedy and all proceedings arising out of it connected therewith; he may commence the suit and direct what shall be attached; whether or not a receipt may be taken and whose receipt shall be regarded as sufficient and satisfactory. He may approve the receipt taken; he may receipt for the goods himself, and if so, there seems to exist no reason why he may not himself receipt for their proceeds. A payment made to him is binding on his principal. His discharge upon the execution is a protection to the officer from whom the money was received. If he may receive the money before the commencement and after the termination of the suit, he may equally well receive a payment during any intervening time. It is immaterial whether the money is received from the debtor or from the officer. It is just as valid a protection from further claim for the one as the other. He is the agent of his principal to receive money and give a discharge therefor. The principal in this case might have received the money in advance of the rendition of judgment, and he would have been thereby concluded. He is none the less concluded by the receipt of his accredited agent. If loss occurs, he should bear the insolvency of his attorney, rather than the officer who goes to him for instructions, and acts in accordance therewith. These views receive confirmation from the opinion of Mr. Justice STORY, in *Pierce* v. *Strickland*, 2 Story, 292.

Nor is this conclusion at variance or inconsistent with a just construction of R. S., c. 114, § 52, under which the

Ducett *v.* Cunningham.

sale of the goods attached was made. By that section it is provided, that " the proceeds of the sales, after deducting necessary expenses, shall be held by such first attaching officer, or the sheriff, subject to the successive attachments, in like manner as if the sale had been on execution." The object of this section is to protect subsequent attaching creditors and to guard the interests of the debtor. It determines the order of the appropriation of the proceeds and the rights between creditors, but it does not bear upon the relation between the creditor and his attorney or between them and the officer. A payment made, as in the present case, is in no event to operate injuriously upon the debtor or upon other creditors. If it should eventually be determined to belong to the creditor to whose attorney the payment was made, the validity of the payment is a matter between the officer and plaintiff in the execution. If otherwise, it cannot operate to discharge the officer.

The conclusion to which we have arrived, is that a payment made to the attorney of the plaintiff during the progress of a suit and while it is under his charge and control, is equally binding upon the principal as if made to him.

It is not made certain whether Mr. Sewall was the attorney of the plaintiff when the payment was made. If that relation had ceased, and the fact was known to the officer, a payment could not *legally be made to him.* So if the payment was made to one of a firm to whom the business was intrusted, it may be a question whether such payment made to one in his individual capacity, would be conclusive upon the plaintiff.

According to the agreement of the parties the case must stand for trial.